UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHRYN STUCKER

    Plaintiff,

v.                                                    Case No.

OSCEOLA COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff KATHRYN STUCKER ("Plaintiff" or "Stucker"), by and through the undersigned, hereby sues Defendant OSCEOLA COUNTY BOARD OF COUNTY COMMISSIONERS ("Defendant" or "Osceola County") and alleges as follows:

## INTRODUCTION

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act of 1992, §760.01, *et seq.*, Fla. Stat. ("FCRA") by an employee who was the victim of sexual harassment by her supervisor and was then constructively discharged by the Defendant because of her sex and because she engaged in protective activity.

## JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction over these claims as Plaintiff states a claim for damages under Title VII. The Court may assert

supplemental jurisdiction over the state law claim. All administrative prerequisites have been exhausted or excused.

3. Venue is proper in the Court because Plaintiff is a resident of Pasco County, FL.

**PARTIES**

4. At all times material to this action, Defendant was the county government for Osceola County, Florida.

5. At all times material to this action, Plaintiff was an employee of Defendant pursuant to the terms of all applicable statutes and Defendant was the employer of Plaintiff pursuant to the terms of all applicable statutes.

**GENERAL ALLEGATIONS**

6. Osceola County Fire Rescue and Emergency Services ("Osceola Fire") is a department within the structure of the Osceola County Board of County Commissioners.

7. Osceola Fire provides fire rescue and emergency management services in Osceola County.

8. Its Mission Statement is:

## Fire Rescue & EMS Mission Statement

### MISSION STATEMENT

Our mission is to provide the highest levels of emergency planning, fire protection and pre-hospital care to the residents and visitors of Osceola County. The quality of service will be maintained by strict adherences and dedication to the principles of:

### SAFETY

We will make the public's safety and welfare, and the safety of our employees priority ONE.

### COMMITMENT

We realize that our personal and professional reputations are evaluated with every call for assistance.

### RESPECT

We will maintain respect for ourselves, the organization and the county as well as those in need of services, regardless of age, ethnicity, religion, national origin or economic status.

### HONESTY

We will exhibit honesty and integrity in all matters.

### TEAMWORK

We will conduct ourselves in a professional manner to promote dedication, honor, and loyalty with our chosen profession.

### EDUCATION

We will encourage an environment that promotes and emphasizes training, and adapts to ever changing dynamics and that after meeting our core educational and technical training needs encourages advanced education in the fields of fire and emergency medical services.

9. Osceola Fire professes the following Code of Ethics:

### CODE OF ETHICS

The members of the Osceola County Emergency Services Department will:

Demonstrate the highest standards of personal integrity, honesty, truthfulness and fortitude in all our public activities in order to inspire public confidence and trust in public institutions.

Serve in such a way that we do not realize personal gain from the performances of our duties.

Avoid any interest or activity that is in conflict with the conduct of our official duties.

Support, implement, and promote merit employment and assure equal employment opportunity through the recruitment, selection and advancement of equaled persons.

Promote zero tolerance of all forms of discrimination, fraud, and mismanagement of public funds, and support efforts to correct such actions.

Serve the public with respect, concern, courtesy, and responsiveness, recognizing that service to the public is beyond service to oneself.

Strive for personal professional excellence and encourage the professional development of our members and those seeking to enter emergency services.

Approach our organizational and operational duties with a positive attitude and constructively support open communication, creativity, dedication and compassion.

Respect and protect the privileged information to which we have access in the course of our official duties. Promote the public interest.

Accept as a personal duty the responsibility to keep up to date on emerging issues and to administer the public's business with professional competence, fairness, impartiality, efficiency and effectiveness.

Respect, support, study and when necessary, work, to improve federal, state, and local laws that defines the relationship among public agencies, employees, clients and all citizens.

10. Plaintiff began her employment as an EMT Firefighter for Defendant on or about November 1, 2019.

11. Plaintiff was the only female Firefighter assigned to Fire Station 63B.

12. In fact, at the time Plaintiff was hired, there were only four female Firefighters out of over 200 employees working for Osceola County Fire Rescue.

13. From the start of her employment, Plaintiff was put in discriminatory situations where she was singled out due to her sex.

14. For example, during a training class in or around December 2019, the instructor stated that he would have loved to teach the class the way he was taught, but he could not because there were females present.

15. When Plaintiff complained about what he said, her concerns were dismissed and she was told by the training lieutenant that she should turn in her "pretty pink bunker gear" if she is just going to get upset about it.

16. On another occasion, in or around January 2020, a work event was held at a restaurant known for objectifying women.

17. During this event, Plaintiff was told "not to be offended" and not to get her "panties in a wad."

18. Plaintiff's supervisor, Lieutenant Richard Michel regularly engaged in loud, threatening, and violent actions toward Plaintiff because of her sex.

19. Whenever he was upset, regardless of what or who triggered it, Lt. Michel would direct his attention to Plaintiff and yell at, belittle, and demean her.

20. Lt. Michel assigned another employee, Firefighter Madison Lowry, who was also the Union Shift Representative, to watch Plaintiff complete her morning activities, as a way to exert power over her because of Plaintiff's sex.

21. Lt. Michel regularly requested Plaintiff do certain tasks, such as doing the dishes, because of her sex, and would wake her up in the middle of the night to do menial tasks as further harassment.

22. Plaintiff complained and objected to Lt. Michel about his conduct but his conduct continued.

23. On or about April 16, 2020, Lt. Michel and Paramedic Nicaud Ford had an altercation and Plaintiff was forced to hide in the bunker gear shed to seek safety from Lt. Michel.

24. Another supervisor found Plaintiff hiding and notified Human Resources, which prompted an investigation by the department.

25. On or about April 18, 2020, Plaintiff, Lt. Michel, Paramedic Ford, and the two other employees on this shift were brought to headquarters to be interviewed.

26. During her interview, Plaintiff complained about Lt. Michel's behavior toward her and requested a transfer to another station.

27. Plaintiff was told it was not possible for her to transfer to another station.

28. Plaintiff then returned to her assigned fire station. Plaintiff was told by Lt. Michel that her "crying and running to headquarters" made them look "weak and pathetic."

29. Plaintiff understood this to mean that Lt. Michel was going to continue to subject her to discrimination due to her sex.

30. Approximately two weeks after this investigation, Paramedic Ford began sexually harassing Plaintiff.

31. Paramedic Ford asked Plaintiff to sit on his lap, saying that he had "a tent," meaning an erection. Other employees of Defendant heard this statement but just laughed at the comment or did nothing.

32. Paramedic Ford told Plaintiff that at the end of the day, women were just "holes" and "only good for their bitching." Other employees of Defendant heard this statement but just laughed at the comment or did nothing.

33. Paramedic Ford told Plaintiff that women were "prostitutes" if the men pay for their dinner before sex and "hoes" if men did not pay for their dinner before sex. Other employees of Defendant heard this statement but just laughed at the comment or did nothing.

34. Paramedic Ford talked about other female firefighters, saying that he worked with one who would wear a thong to show that she was cool.

35. Paramedic Ford discussed hypothetically using his bayonet on a woman, referencing sexual mutilation.

36. Lt. Michel heard these statements and did nothing to correct the situation.

37. Plaintiff was grabbed on the thigh multiple times in her sleep by Paramedic Ford to remind her to "always keep an eye out."

38. Plaintiff feared for her safety, given the close quarters she had to share with Paramedic Ford and Lt. Michel.

39. Plaintiff again requested a transfer but was again told that a transfer was not possible by Chief Haskett and Chief Collier.

40. On or about May 20, 2020, Plaintiff submitted a complaint about the sexual harassment to Human Resources, asking for help and that the situation needed "massive intervention."

41. When asked to elaborate on her complaint, Plaintiff disclosed that she was being retaliated against because of the prior complaint, that her mental and physical health was suffering, that the environment is sexist, and that there needs to be a change in the culture of the department towards women.

42. There was no way for Plaintiff to avoid or escape Paramedic Ford or Lt. Michel and the inappropriate and threatening behavior was escalating.

43. On or about June 1, 2020, Plaintiff was constructively discharged from her employment due to the sexual harassment and retaliation Plaintiff was being subjected to.

44. Upon information or belief, Paramedic Ford had previously been terminated by Defendant and has since been terminated by Defendant.

45. Upon information or belief, Lt. Michel had previously been disciplined for sexual harassment and had been terminated from a previous department.

46. The Department knowingly and intentionally sends female firefighters into situations where they are sexually harassed and discriminated against due to their sex.

47. Plaintiff has been discriminated against by Defendant because of her sex and in retaliation for protected activity, because Plaintiff was the victim of sexual harassment, because Plaintiff participated in the investigation of her sexual harassment complaint, and because Plaintiff objected to Defendant's failure to adequately address her sexual harassment complaint in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

48. Unfortunately, Defendant has a policy or practice of discriminating against female employees and treating them differently due to their sex and retaliating against employees who complain about sexual harassment.

49. Plaintiff timely filed a charge of discrimination with the Florida Commission on Human Relations.

50. Plaintiff has received a Cause Determination from the Florida Commission on Human Relations and Notice of Right to Sue from the United States Department of Justice and this lawsuit is being filed within ninety days of the issuance of that notice.

51. All administrative notice requirements and prerequisites have been satisfied.

52. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay the undersigned a reasonable fee for their services.

## COUNT I
## UNLAWFUL DISCRIMINATION UNDER TITLE VII

53. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 52 as if fully stated herein.

54. The actions of Defendant, as detailed above, are a violation of Title VII in that Defendant discriminated against Plaintiff because of her sex.

WHEREFORE, Plaintiff prays that judgment be entered in Plaintiff's favor and against Defendant and that the Court award: back pay; front pay; compensatory damages; pre- and post-judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and all other relief that the Court or the jury determines to be just and proper.

## COUNT II
## UNLAWFUL DISCRIMINATION UNDER THE FCRA

55. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 52 as if fully stated herein.

56. The actions of Defendant, as detailed above, are a violation of the FCRA in that Defendant discriminated against Plaintiff because of her sex.

WHEREFORE, Plaintiff prays that judgment be entered in Plaintiff's favor and against Defendant and that the Court award: back pay; front pay; compensatory damages; pre- and post-judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and all other relief that the Court or the jury determines to be just and proper.

## COUNT III
## UNLAWFUL RETALIATION UNDER TITLE VII

57. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 52 as if fully stated herein.

58. The actions of Defendant, as detailed above, are a violation of Title VII in that Defendant retaliated against Plaintiff because of her above-detailed protected activity.

WHEREFORE, Plaintiff prays that judgment be entered in Plaintiff's favor and against Defendant and that the Court award: back pay; front pay; compensatory damages; pre- and post-judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and all other relief that the Court or the jury determines to be just and proper.

## COUNT IV
## UNLAWFUL RETALIATION UNDER THE FCRA

59. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 52 as if fully stated herein.

60. The actions of Defendant, as detailed above, are a violation of the FCRA in that Defendant retaliated against Plaintiff because of her above-detailed protected activity.

WHEREFORE, Plaintiff prays that judgment be entered in Plaintiff's favor and against Defendant and that the Court award: back pay; front pay; compensatory damages; pre- and post-judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and all other relief that the Court or the jury determines to be just and proper.

**REQUEST FOR JURY TRIAL**

Plaintiff requests trial by jury on all issues so triable.

                                          Respectfully submitted,

                                          /s/ Ryan D. Barack
                                          Ryan D. Barack
                                          Florida Bar No. 0148430
                                          rbarack@employeerights.com
                                          Jackie@employeerights.com
                                          Michelle Erin Nadeau
                                          Florida Bar No. 0060396
                                          mnadeau@employeerights.com
                                          Jackie@employeerights.com
                                          Kwall Barack Nadeau PLLC
                                          304 S. Belcher Rd., Suite C
                                          Clearwater, Florida 33765
                                          (727) 441-4947
                                          (727) 447-3158 Fax
                                          Attorneys for Plaintiff